APRIL 25, 1951

**No. 55504.**—Donald G. Parrot *v.* United States, protest 134892–K.——C. D. 1308. Plaintiff's application for rehearing denied.

APRIL 26, 1951

**No. 55505.**—SUIT 4645.—United States *v.* C. J. Tower & Sons.——C. D. 1224 affirmed March 6, 1951. C. A. D. 450.

BEFORE THE SECOND DIVISION, MAY 2, 1951

**No. 55506.**—Popper Watch Co., Inc. *v.* United States, protests 137583–K, etc. (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than 9/10 of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra.*

**No. 55507.**—Clebar Watch Co. et al. *v.* United States, protests 169677–K, etc. (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts

and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than $\frac{9}{10}$ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

**No. 55508.**—Bennett Brothers, Inc. *v.* United States, protest 161890–K (New York).

Opinion by LAWRENCE, J.  From an examination of the papers in the case the court found nothing therein tending in any way to overcome the presumption of correctness attaching to the decision of the collector.  The protest was therefore overruled.

**No. 55509.**—American Import & Export Co. et al. *v.* United States, protests 116328–K, etc. (New York).

Opinion by LAWRENCE, J.  The protests were dismissed.

**No. 55510.**—Siber Hegner & Co., Inc., et al. *v.* United States, protests 145424–K, etc. (New York).

Opinion by LAWRENCE, J.  The protests were dismissed.

**No. 55511.**—Liberty Fabrics of N. Y., Inc. *v.* United States, protest 159373–K (New York).

Opinion by LAWRENCE, J.  The protest was dismissed.

**No. 55512.**—Beam Instruments Corp. and Hudson Shipping Co., Inc. *v.* United States, protests 163018–K and 168401–K (B) (New York).

Opinion by LAWRENCE, J.  The protests were dismissed.

BEFORE THE THIRD DIVISION, MAY 2, 1951

**No. 55513.**—Edward Griffel & Co., Inc. *v.* United States, protest 163557–K (New York).

Opinion by CLINE, J.  At the trial it was stipulated that "all of the sewing machine heads involved in this protest which were assessed with marking duty under the provisions of Section 304 of the Tariff Act of 1930 as amended, were properly marked with the name of the country of origin at the time of importation." The claim of the plaintiff was therefore sustained.

**No. 55514.**—Alexander & Baldwin, Ltd., et al. *v.* United States, protests 123515–K, etc. (San Francisco).

Opinion by JOHNSON, J.  Following the authorities cited in Abstract 15400 the court dismissed the protests.